## No. 613

### MASS. INSTITUTE OF TECH.. et v. SPITZER, et.

Ohio Appeals, 6th Dist., Lucas Co.
No. 1789. Decided July 25, 1927.

(Judges Crow, Hughes and Justice of the Third District sitting in place of Judges Richards, Williams and Lloyd of the Sixth District).

**27. ACTION—Action for conversion, against trespassers who removed fixtures covered by mortgage and converted same to own use, is transitory action, and may be brought in any jurisdiction where service upon trespassers may be had.**

**787. MORTGAGES—Mortgagee may maintain action against one who wrongfully injures mortgaged property.**

Error to Common Pleas. Judgment reversed.

**First Publication of this Opinion**

HUGHES, J.

Plaintiffs were holders in due course, for value, of bonds of The Illinois Gas Co., a corporation organized and existing under and by virtue of the laws of Illinois. Defendants and others constituted the board of directors of said corporation. To secure these bonds, the gas company had given its mortgage or trust deed pledging all of its property, real, personal and mixed. Included in the property covered by the mortgage, as claimed in the petition, were certain lines of eight and six-inch pipe, described as running between given points. It was shown that it was expressly agreed and intended that any and all personal property covered by the descriptions therein, should be considered and held to be fixtures and appurtenances constituting a part of the real property of the gas company.

Plaintiffs charged that great quantities of the six and eight-inch pipe described in the mortgage deed, was unlawfully removed from the possession and control of the defendant company, by defendant together with other members of the board of directors, and unlawfully converted and disposed of and replaced by three-inch pipe, the value of which was small in comparison with the pipe which had been removed.

It was averred in the petition that the terms of the mortgage relating to the sale or exchange of mortgaged property were not complied with.

It was further averred that by these frauds complained of the mortgage security had been so reduced and depleted that the bonds were of little or no value.

A judgment was entered in favor of the defendant upon the sole ground that the court had no jurisdiction of the subject matter of

this suit because it was a cause of action local in its nature, and not transitory, and should be brought in the state where the real property of the defendant is situated.

In the 26 Lawyers' Reports Annotated, New Series, page 940, will be found a line of cases where in it is pointed out that an action, for the conversion of property, against a trespasser upon lands of another who removes timber from the land and converts the same to his own use, may be maintained as a transitory action.

It seem to be the accepted law in Ohio that a mortgagee may maintain an action against one who wrongfully injures the mortgaged property given for his security, and recover damages to the extent of the injury. Allison v. McCune, 15 Ohio 726.

We are of the opinion that the petition shows that the cestui qui trust, without any restrictions, had the right to bring this action which was one for the wrongful conversion of personal property, and it was error for the trial court to enter a judgment upon the pleadings as they stood.

Judgment reversed.

Attorneys—Joseph M. Dohan and C. A. Seiders for Institute, Messrs. Fraser, Hiett, Wall & Effler and P. R. Taylor for Spitzer, et; all of Toledo.